# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16-CR-00101-02-DGK |
| ) | |
| MARCELL SHAVERS, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING MOTIONS FOR ACQUITTAL AND NEW TRIAL

Pending before the Court are Defendant's motion for acquittal at the close of the Government's case (Doc. 99); Defendant's motion for acquittal at the close of all evidence (Doc. 100); and Defendant's motion for a new trial (Doc. 102). The motions are DENIED for the following reasons.

With respect to the two first motions, Federal Rule of Criminal Procedures 29(a) provides that, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." The Eighth Circuit has cautioned that "[a] motion for judgment of acquittal should only be granted where the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury *must* have a reasonable doubt as to the existence of any essential elements of the crime charged." *United States v. Pardue*, 983 F.2d 843, 847 (8th Cir. 1993) (citation omitted). In ruling on such a motion, "the court can neither weigh the evidence nor assess the credibility of the witnesses." *Id.* The court draws all reasonable inferences and resolves all evidentiary conflicts in favor of the jury's verdict, but "the government is not entitled to inferences based on conjecture and speculation." *United States v. Aponte*, 619 F.3d 799, 804 (8th Cir. 2010).

In this case, the jury found Defendant guilty on Count I, conspiracy with intent to distribute 5 grams or more of methamphetamine, and not guilty on Count II, using a firearm during a drug trafficking offense which results in murder. Defendant argues the evidence at trial proved no more than a single transaction buyer-seller relationship, not a drug conspiracy. This argument is unavailing. Viewed in the light most favorable to the government and drawing all reasonable inferences in favor of the verdict on Count I, the evidence was sufficient to find him guilty with conspiring with others to possess with the intent to distribute 5 grams or more of methamphetamine. Accordingly, the first two motions are denied.

With respect to the third motion, Rule 33(a) permits the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." A district court must exercise its authority under Rule 33 "sparingly and with caution." *United States v. McClellon*, 578 F.3d 846, 857 (8th Cir. 2009). In order to grant a new trial, a district court must find that the evidence weighs "so heavily against the verdict that a miscarriage of justice may have occurred." *Id.* (internal quotation marks omitted).

Defendant argues the Court committed constitutional errors by: (1) admitting documentary evidence that he and his co-defendant were incarcerated together in the Missouri Department of Corrections; (2) refusing to allow testimony regarding statements crime scene witnesses made to the police; and (3) refusing to give two requested theory of defense instructions. After careful consideration, the Court holds it did not err in these rulings, much less commit constitutional errors, nor was there a miscarriage of justice.

The motion is denied.

**IT IS SO ORDERED.**

Date:  May 22, 2018     /s/ Greg Kays
                                                                     GREG KAYS, CHIEF JUDGE
                                                                     UNITED STATES DISTRICT COURT